**Samuel SPIEWAK and Henry Spiewak and Mania Spiewak**

v.

**SELECTIVE SERVICE BOARD NO. 127 and Commander Thomas Volatile.**

**Civ. A. No. 70-2414.**

United States District Court, E. D. Pennsylvania.

May 17, 1971.

OPINION

JOSEPH S. LORD, III, District Judge.

Plaintiff Samuel Spiewak is a registrant with the Selective Service System (SSS). Plaintiffs Henry and Mania Spiewak are his parents. On June 19, 1970, Samuel was ordered by defendant Local Board No. 127 to report for induction into the Armed Forces July 9. On July 8, the Local Board postponed his induction until the August 19 call pursuant to 32 C.F.R. 1632.2[1] because of his father's illness. On July 30, Samuel's parents wrote a lengthy letter to the Local Board requesting a III–A classification[2] for their son. Several documents were attached in support of their claim that his induction would cause them extreme hardship. On August 6, the registrant met with members of the Local Board to discuss his classification. The next day the Board informed him that it had determined his case did not warrant reopening of his classification. Samuel was later ordered to report for induction on September 14, 1970. Plaintiffs filed this action September 3, seeking a preliminary injunction against Samuel's induction into the Armed Forces and a declaratory judgment that his induction would violate SSS regulations and the Military Selective Service Act of 1967, 50 App. U.S.C. §§ 451–473.

Defendants have argued that we lack subject-matter jurisdiction to hear this case because section 10(b)(3) of the Military Selective Service Act of 1967,

Pechner, Sacks, Cantor & Dorfman, Michael Brodie, Philadelphia, Pa., for plaintiffs.

Louis C. Bechtle, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

1. In pertinent part, the regulation provides: "(a) In case of * * * extreme emergency involving a member of the registrant's immediate family * * * the local board may, after the Order to Report for Induction * * * has been issued, postpone the time when such registrant shall so report * * *.

"(d) A postponement of induction shall not render invalid the Order to Report for Induction * * * which has been issued to the registrant but shall operate only to postpone the reporting date and the registrant shall report on the new date without having issued to him a new Order to Report * * *."

2. 32 C.F.R. 1622.30(a) provides: "In Class III–A shall be placed any registrant whose induction into the Armed Forces would result in extreme hardship (1) to his wife, divorced wife, child, parent, grandparent, brother, or sister who is dependent upon him for support. * * *"

50 App. U.S.C. § 460(b) (3) commands that:

"* * * No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution * * * after the registrant has responded either affirmatively or negatively to an order to report for induction * * *.[3]

Plaintiffs contend that their case falls within the exceptions to the literal terms of section 10(b) (3) recognized by a line of cases following Oestereich v. Selective Service Board, 393 U.S. 233, 89 S. Ct. 414, 21 L.Ed.2d 402 (1968). We disagree.

The recent decision of the Third Circuit in Morgan v. Melchar, 442 F.2d 1082 (C.A. 3, filed May 5, 1971), controls our determination that we do not have jurisdiction over this case. The facts in that case were remarkably similar to those in the instant case: an order for induction which was later postponed; a claim for a III–A classification after the induction order was sent; presentation of evidence to and a personal appearance before the Local Board; and a decision by the Local Board not to reopen the registrant's classification. The only possibly important factual distinction we see between the situations of Morgan and Spiewak is that the record before the Local Board presented a basis for finding that a change in Spiewak's status over which he had no control occurred after his receipt of the induction order.[4] As we read Morgan, that distinction is irrelevant to the issue before us. The decision in Morgan was based on the court's determination that the right to a III–A deferment depends on local board action which "inescapably involves a determination of fact and an exercise of judgment," Clark v. Gabriel, 393 U.S. 256, 258, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968), and its determination that reopening after an induction order has been mailed is not a clear legal right but rather involves specific fact-finding by the Local Board. Morgan v. Melchar, supra, 442 F.2d at 1087, 1088.[5]

Since we find no relevant distinction between this case and Morgan, we must dismiss the Spiewak's complaint for lack of jurisdiction over the subject matter.

3. If the registrant accepts induction, he can immediately challenge the validity of the SSS determination by filing a petition for a writ of habeas corpus. Oestereich v. Selective Service Board, 393 U.S. 233, 238, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).

4. See Morgan v. Melchar, supra, 442 F.2d at 1088 n. 21. The regulation governing reopening after receipt of an induction order provides in relevant part: "The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant * * * [or] any person who claims to be a dependent of the registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; * * *

provided * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control." 32 C.F.R. 1625.2.

5. These determinations were at the core of the holding in Morgan because the exception to the literal terms of section 10(b) (3) engrafted by Oestereich v. Selective Service Board, supra, does not apply to challenges to the SSS's resolution of factual questions in the classification of a registrant. See Morgan v. Melchar, supra, at 1086, 1087, 1089; Bucher v. Selective Service System, 421 F.2d 24, 27 (C.A. 3, 1970).